## Morris' Estate

*Joseph T. Coghlan, Jr.*, assistant city solicitor, and *Ernest Lowengrund*, acting city solicitor, for City of Philadelphia.

*Harry Polish*, special attorney for the Department of Justice, contra.

KLEIN, J., November 13, 1942.—We all agree with the auditing judge that the City of Philadelphia has no standing to claim as a creditor against this estate for the money contributed by it to the Commonwealth for the support of the insane beneficiary in a State-owned mental hospital. The provisions of The Mental Health Act of July 11, 1923, P. L. 998, as amended by the several statutes subsequently enacted, to which reference is made in the adjudication, clearly constitute the Department of Revenue as sole and exclusive collecting agent for claims for the maintenance and support of such patients.

There might be some question as to whether the claim of the city for the support of the patient for the period

commencing with the effective date of the Act of April 25, 1929, P. L. 700, and ending with the effective date of the Act of June 22, 1931, P. L. 641, is not on a different basis from the claim for support for the subsequent period. We are, however, relieved from considering this question. See letter of city solicitor, approved by counsel for the Commonwealth, sent October 31, 1942, to Van Dusen, P. J., which states:

"For the purposes of this case the position of the city is that if it has a right to present its claim directly for any period it is from May 31, 1929, to May 31, 1941, and on the contrary if the Commonwealth is entitled to collect the entire balance due for maintenance it is entitled to do so for the same period."

The exceptions are therefore dismissed and the adjudication confirmed absolutely.